# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE 2. PLEASE TYPE OR PRINT 3. STAPLE ALL ADDITIONAL PAGES

| | | |
|---|---|---|
| Case Caption: Franco Loaeza v. Ball | District Court or Agency: WDNY | Judge: Hon. Meredith A. Vacca |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 8/14/2026 | District Court Docket No.: 26-CV-00945-MAV |
| | Date the Notice of Appeal was Filed: 10/13/2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | |
|---|---|
| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Adam Khalil, AUSA<br>100 State Street, Ste. 500<br>Rochester, NY 14614<br>585-399-3979 (phone) 585-399-3936 (fax) Adam.Khalil@usdoj.gov |
| **Attorney(s) for Appellee(s):** ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Malcolm S. Kim<br>Worker Justice Center of New York<br>1187 Culver Road, Rochester, NY 14609<br>585−228−5322; Email: mkim@wjcny.org |

| | | | |
|---|---|---|---|
| Has Transcript Been Prepared? Not yet | Approx. Number of Transcript Pages: 100 | Number of Exhibits Appended to Transcript: None anticipated | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br>If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☑ U.S. a party ☐ Diversity | ☐ Final Decision ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) ☐ Other (specify): ____________ | ☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ____________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6) failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☑ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:<br>☐ Sought: $ ______<br>☐ Granted: $ ______<br>☐ Denied: $ ______ | ☐ Injunctions:<br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): ___________ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☑ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/ Maritime<br>☐ Assault / Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/ Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☑ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): ______________<br>☐ Other (specify): ______________ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☑ Yes ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes ☐ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ______________________________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☐ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: U.S. Department of Homeland Security

Date: 10/27/2026 | Signature of Counsel of Record: /s/Adam A. Khalil

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**Loeza et al v. Ball et al**
26-2905

**Addendum A**

## (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION

This action involved two Petitioners: Mr. Loaeza, an alien present in the United States who never was admitted or inspected and paroled, and Mr. Medina, who was subject to an order of removal entered in absentia at the time of his arrest giving rise to the habeas petition below. Both petitioners challenged their detention in ICE custody.

The Court held that Mr. Loaeza was entitled to immediate release because at the time of his arrest the Notice to Appear was not *filed* with immigration court, and thus there were no proceedings justifying his arrest and detention under 8 U.S.C. § 1226(a).

The Court also held that Petitioner Medina was wrongfully detained because as an alien with a final order of removal the government had to comply with 8 C.F.R. § 241.4(l), governing revocation of an order of supervision, even though Medina was never issued an order of supervision or released from detention under 8 U.S.C. § 1231.

## (2) THE RESULT BELOW

The District Court incorrectly held that immigration proceedings must be *pending* at the time of arrest of any alien under 8 U.S.C. § 1226(a), when the statute contains no such requirement. The Court also misread 8 C.F.R. § 236.1(b)(1) as to when a warrant may be issued and whether a Notice to Appear is constitutionally required for purposes of habeas relief. The Court likewise misread 8 C.F.R. § 241.4 as applicable to an alien ordered removed in absentia (because he failed to appear at a removal hearing) who was never

released from detention under 8 U.S.C. § 1231 or issued an order of supervision.

**(3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET**

See attached.

**(4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS**

See attached.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID FRANCO LOAEZA, and

VICTOR DAVID LOBO MEDINA,

Petitioners,

v.

26-CV-00945-MAV

MICHAEL BALL, Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, in their official capacity, et. al.,

Respondents.

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that the Respondents appeal to the United States Court of Appeals for the Second Circuit from the Decision and Order of the United States District Court (Hon. Meredith A. Vacca, USDJ), entered in this action on July 27, 2026 (ECF No. 34) ordering Petitioner Loaeza be released, and the Text Order entered in this action on August 13, 2026 (ECF No. 37) ordering Petitioner Medina be released. Judgement was entered on August 14, 2026 (ECF No. 40).

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: s/ADAM A. KHALIL
Assistant United States Attorney
United States Attorney's Office
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3979
Adam.Khalil@usdoj.gov

# 1:26cv945, Franco Loaeza Et Al V. Bausch Et Al

US District Court Docket

United States District Court, New York Western

(Buffalo)

**This case was retrieved on 09/11/2026**

## Header

**Case Number:** 1:26cv945
**Date Filed:** 05/08/2026
**Assigned To:** Honorable Meredith A. Vacca
**Nature of Suit:** Habeas Corpus - Alien Detainee (463)
**Cause:** Petition for Writ of Habeas Corpus (federa
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** U.S. Government Defendant

**Class Code:** Closed
**Closed:** 08/14/2026
**Statute:** 28:2241
**Jury Demand:** None
**Demand Amount:** $0
**NOS Description:** Habeas Corpus - Alien Detainee

## Participants

| Litigants | Attorneys |
|---|---|
| David Franco Loaeza<br>**Petitioner** | Malcolm S Kim<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Worker Justice Center of New York<br>1187 Culver Road<br>Rochester, NY 14609<br>USA<br>585-228-5322 Email:Mkim@wjcny.Org<br><br>Maureen A. Hussain<br>ATTORNEY TO BE NOTICED<br>Worker Justice Center of New York<br>9 Main Street<br>Kingston, NY 12401<br>USA<br>Email:Mhussain@wjcny.Org |
| Victor David Lobo Medina<br>**Petitioner** | Malcolm S Kim<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Worker Justice Center of New York<br>1187 Culver Road<br>Rochester, NY 14609<br>USA<br>585-228-5322 Email:Mkim@wjcny.Org<br><br>Maureen A. Hussain<br>ATTORNEY TO BE NOTICED<br>Worker Justice Center of New York<br>9 Main Street<br>Kingston, NY 12401<br>USA<br>Email:Mhussain@wjcny.Org |

| Litigants | Attorneys |
| --- | --- |
| James Bausch<br>Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, in their official capacity \|<br>**Respondent** | United States Attorney's Office (e-service)<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Western District of New York<br><br>,<br><br>Email:Usanyw-Immigration-Habeas@usdoj.Gov<br><br>Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov |
| Philip Rhoney<br>Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, in their official capacity \|<br>**Respondent** | United States Attorney's Office (e-service)<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Western District of New York<br><br>,<br><br>Email:Usanyw-Immigration-Habeas@usdoj.Gov<br><br>Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov |
| Warden<br>Buffalo Federal Detention Facility, in their official capacity \|<br>**Respondent** | United States Attorney's Office (e-service)<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Western District of New York<br><br>,<br><br>Email:Usanyw-Immigration-Habeas@usdoj.Gov<br><br>Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov |
| Markwayne Mullin<br>in his official capacity as Secretary of the Department of Homeland Security \|<br>**Respondent** | United States Attorney's Office (e-service)<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Western District of New York<br><br>,<br><br>Email:Usanyw-Immigration-Habeas@usdoj.Gov<br><br>Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500 |

## Litigants

## Attorneys

Rochester, NY 14614
USA
585-399-3979 Email:Adam.Khalil@usdoj.Gov

Todd Blanche
in his official capacity as Acting Attorney General of the United States |
**Respondent**

United States Attorney's Office (e-service)
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Western District of New York

,

Email:Usanyw-Immigration-Habeas@usdoj.Gov

Adam A. Khalil
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DOJ-USAO
100 State Street, Suite 500
Rochester, NY 14614
USA
585-399-3979 Email:Adam.Khalil@usdoj.Gov

Todd Lyons
in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement |
**Respondent**

United States Attorney's Office (e-service)
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Western District of New York

,

Email:Usanyw-Immigration-Habeas@usdoj.Gov

Adam A. Khalil
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DOJ-USAO
100 State Street, Suite 500
Rochester, NY 14614
USA
585-399-3979 Email:Adam.Khalil@usdoj.Gov

## Proceedings

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 1 | 05/08/2026 | PETITION for Writ of Habeas Corpus ( Filing fee $ 5 receipt number ANYWDC-5822596.), filed by David Franco Loaeza, Victor David Lobo Medina. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Petition, # 3 Civil Cover Sheet Civil Cover Sheet, # 4 Exhibit Screenshot of custody status, # 5 Exhibit Screenshot of custody status)(Kim, Malcolm) (Entered: 05/08/2026) | |
| | 05/11/2026 | Case assigned to Hon. Meredith A. Vacca. Notification to chambers of online civil opening. (MMG) (Entered: 05/11/2026) | |
| | 05/11/2026 | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (MMG) (Entered: 05/11/2026) | |
| 2 | 05/11/2026 | NOTICE of Appearance by Maureen A. Hussain on behalf of David Franco Loaeza, Victor David Lobo Medina (Hussain, Maureen) (Entered: 05/11/2026) | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 3 | 05/12/2026 | ORDER TO SHOW CAUSE that Respondents show cause within 14 days of the date of this Order why the Petitioner's requested relief pursuant to 28 U.S.C. 2241 should not be granted. Petitioner shall have seven (7) days after service of Respondents' return to file a written response. Respondents shall refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted. Signed by Hon. Meredith A. Vacca on 5/12/2026. (TME) (Entered: 05/12/2026) | |
| | 05/12/2026 | Remark: Clerk's Office emailed copy of 1 Petition and 3 Order to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov (TME) (Entered: 05/12/2026) | |
| 4 | 05/20/2026 | NOTICE of Appearance of Government Attorney: Adam A. Khalil, appearing on behalf of James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. CLERK TO FOLLOW UP. (Khalil, Adam) (Entered: 05/20/2026) | |
| 5 | 05/20/2026 | REPLY/RESPONSE to re 3 Order to Show Cause,, as to Petitioner Medina filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 05/20/2026) | |
| 6 | 05/20/2026 | REPLY/RESPONSE to re 3 Order to Show Cause,, re Petitioner Loaeza filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 05/20/2026) | |
| 7 | 05/20/2026 | CONTINUATION OF EXHIBITS to 6 Reply/Response Loaeza Form I-286. (Khalil, Adam) (Entered: 05/20/2026) | |
| 8 | 05/27/2026 | REPLY/RESPONSE to re 6 Reply/Response, 5 Reply/Response, 3 Order to Show Cause,, filed by David Franco Loaeza, Victor David Lobo Medina. (Attachments: # 1 Exhibit A - I-200)(Hussain, Maureen) (Entered: 05/27/2026) | |
| 9 | 06/01/2026 | Letter filed by David Franco Loaeza, Victor David Lobo Medina requesting hearing. (Attachments: # 1 Declaration attorney affirmation of Malcolm Kim, Esq.)(Kim, Malcolm) (Entered: 06/01/2026) | |
| 10 | 07/02/2026 | TEXT ORDER. On July 1, 2026, the Court received a letter directly from Petitioner Medina despite being represented by counsel. The Court has not read Mr. Medina's submission and has forwarded it to his counsel of record.An evidentiary hearing is required in this matter to address not only issues of bond, but the full balance of Petitioners' claims for relief. Counsel and both Petitioners shall appear for an in-person hearing on July 10, 2026, at 11:00 A.M. in Courtroom 2 of the Kenneth B. Keating Federal Building, 100 State St., Rochester, New York. On or before July 9, 2026, counsel for each party shall file a witness list, should anyone beyond Petitioners be required to testify. On or before July 8, 2026, Respondents shall file transcripts of both Petitioners' June 2026 bond hearings. On or before July 9, 2026, Petitioners must indicate whether they admit or deny the correctness of the transcript of their respective bond hearing. See Rule 7(c) of the Rules Governing Habeas Cases in the United States District Court (the Court "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."). If either Petitioner denies the correctness of his transcript, he must provide a brief explanation of the basis for his response.SO ORDERED. Signed by Hon. Meredith A. Vacca on 7/2/26. (NWA) (Entered: 07/02/2026) | |
| | 07/02/2026 | Set/Reset Hearings: Evidentiary Hearing set for 7/10/2026 11:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | before Hon. Meredith A. Vacca. (NWA) (Entered: 07/02/2026) | |
| 11 | 07/02/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden re mistaken argument with regard to Medina but no effect on litigation. (Khalil, Adam) (Entered: 07/02/2026) | |
| 12 | 07/02/2026 | MEMORANDUM/BRIEF in advance of hearing by David Franco Loaeza, Victor David Lobo Medina. (Attachments: # 1 Declaration of Zabdi J. Salazar on BIA Detained Case Appeals, # 2 Exhibit Proof of Mailing T Visa Application of Petitioner Franco Loaeza)(Kim, Malcolm) (Entered: 07/02/2026) | |
| 13 | 07/06/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden re the government's preservation of rights and other arguments. (Khalil, Adam) (Entered: 07/06/2026) | |
| 14 | 07/07/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden with copy of Petitioner Loaeza's bond hearing transcript. (Khalil, Adam) (Entered: 07/07/2026) | |
| 15 | 07/07/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden with copy of Petitioner Medina's bond hearing transcript. (Khalil, Adam) (Entered: 07/07/2026) | |
| 16 | 07/07/2026 | TEXT ORDER re. 10 15 . After reviewing the parties' recent submissions, the Court declines to find that Respondents have waived arguments in response to the petition but rejects Respondents' position that an additional 45 days is appropriate to fully respond thereto.The July 10, 2026 evidentiary hearing is rescheduled for July 15, 2026, at 9:30 AM in Courtroom 2 of the Keating Federal Building, 100 State Street, Rochester, New York. Counsel and Petitioners shall appear in-person. On or before July 13, 2026, counsel for each party shall file a witness list, should anyone beyond Petitioners be required to testify, such as the Immigration Officers who signed relevant paperwork. Respondents shall file their full response to the petition, ECF No. 1. as supplemented by ECF No. 12, on or before July 13, 2026. The Court will consider the merits of Petitioners' claims after considering both parties' positions thereon.The focus of Respondents' supplemental brief--and the July 15 evidentiary hearing--shall be whether either or both Petitioners are entitled to immediate release. In their supplemental return, Respondents need not address Petitioners' position regarding waiver of arguments not raised in Respondents' original return to the order to show cause, nor need Respondents reiterate their positions regarding their concession that 8 U.S.C.  1226(a) applies to both Petitioners or the purported propriety of ordering a bond hearing, with the burden on Petitioners, as relief in this case. As relevant to supplemental briefing and the evidentiary hearing, Petitioners have alleged that their detention violates procedural and substantive due process, ECF No. 1-2 at 13-14; ECF No. 12 at 6-8; their arrest violated the Fourth Amendment, ECF No. 1-2 at 16-17; ECF No. 12 at 7-8; and that Respondents failed to comply with 8 U.S.C.  1226(a), 8 U.S.C.  1357(a)(2), and 8 C.F.R. 287.8(c)(2)(ii), ECF No. 1-2 at 15-16; ECF No. 12 at 9-10. Petitioner Medina further argues that his prior order of release on recognizance was not properly revoked. ECF No. 12 at 10-17; see ECF No. 1-2 at 15-16. Petitioner Loaeza further argues that his membership in a "Pending Petition Class" forecloses Respondents' authority to arrest and detain him. ECF No. 12 at 11-12.Respondents shall also, by July 13, 2026, file any and all documents evidencing the circumstances surrounding either or | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | both Petitioners' (1) arrests, (2) individualized custody determinations, and (3) status of their removal proceedings at and after their 2026 arrest, as well as any other documents that evidence Respondents' purported compliance with relevant statutes and regulations, including 8 U.S.C. 1226(a), 8 U.S.C. 1357(a)(2), and 8 C.F.R. 287.8(c)(2)(ii).Petitioners shall, by July 9, 2026, inform the Court as to whether an interpreter is required for the July 15 hearing. Petitioners shall, by July 13, 2026, indicate whether they admit or deny the correctness of the transcript of their respective bond hearing. See ECF Nos. 14, 15; Rule 7(c) of the Rules Governing Habeas Cases in the United States District Court (the Court "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."). If either Petitioner denies the correctness of his transcript, he must provide a brief explanation of the basis for his response.SO ORDERED. Signed by Hon. Meredith A. Vacca on 7/7/26. (NWA) (Entered: 07/07/2026) | |
| | 07/08/2026 | CALENDAR EVENT: Evidentiary Hearing set for 7/15/2026 at 09:30 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Meredith A. Vacca. Signed by Hon. Meredith A. Vacca on 7/8/2026. (KSP) (Entered: 07/08/2026) | |
| 17 | 07/08/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden with ICE documents for Loaeza. (Khalil, Adam) (Entered: 07/08/2026) | |
| 18 | 07/08/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden with ICE documents for Medina. (Khalil, Adam) (Entered: 07/08/2026) | |
| 19 | 07/09/2026 | MOTION for Leave to Appear by Law Graduate Maria Perales Sanchez by David Franco Loaeza, Victor David Lobo Medina.(Hussain, Maureen) (Entered: 07/09/2026) | |
| 20 | 07/09/2026 | Letter filed by David Franco Loaeza, Victor David Lobo Medina stating need for interpreter, and no objection to bond hearing transcripts. (Kim, Malcolm) (Entered: 07/09/2026) | |
| 21 | 07/10/2026 | TEXT ORDER granting 19 Motion for Leave to Appear Pursuant to Loc. R. Civ. P. 83.6. Although the applicant is not currently "duly enrolled in a law school approved by the American Bar Association" ("ABA") as required by the "Law Student Rule," see Loc. R. Civ. P. 83.6, the Court finds it appropriate to waive that requirement in this special case where the applicant has provided evidence that she: has graduated from an ABA-approved law school, has completed the New York bar examination, New York Law Course, the New York Law Exam, and the Multistate Professional Responsibility Exam, and has otherwise satisfied the requirements of Rule 83.6 See Loc. R. Civ. P. 83.9 ("Any of the foregoing rules shall, in special cases, be subject to such modification as may be necessary to meet emergencies or to avoid injustice or great hardship."). SO ORDERED. Signed by Hon. Meredith A. Vacca on 7/10/26. (NWA) (Entered: 07/10/2026) | |
| 22 | 07/10/2026 | TEXT ORDER: The Evidentiary Hearing currently scheduled for 7/15/2026 is reset for 7/21/2026 at 09:00 AM in US Courthouse, 100 State Street, Rochester NY 14614 before Hon. Meredith A. Vacca. Signed by Hon. Meredith A. Vacca on 7/10/2026. (KSP) (Entered: 07/10/2026) | |
| 23 | 07/10/2026 | Letter filed by David Franco Loaeza, Victor David Lobo Medina . (Attachments: # 1 Declaration of Petitioner Lobo Medina, # 2 Declaration of Petitioner Franco Loaeza, # 3 Exhibit FedEx proof of delivery for T Visa, # 4 Exhibit New Yorker article noting USCIS T Visa receipt notice delays)(Kim, Malcolm) (Entered: 07/10/2026) | |
| 24 | 07/13/2026 | REPLY/RESPONSE to re 16 Text Order,,,,,,,,,,,,, filed by James | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 07/13/2026) | |
| 25 | 07/13/2026 | Letter filed by David Franco Loaeza, Victor David Lobo Medina : witness list. (Kim, Malcolm) (Entered: 07/13/2026) | |
| 26 | 07/15/2026 | TEXT SCHEDULING ORDER. To facilitate expedited resolution of a dispute impacting the July 21 evidentiary hearing regarding production of ICE witnesses thereat and other "discovery," the Court ORDERS that Respondents shall file their "discovery" objection on July 15, 2026, and shall provide to Petitioners the names of individuals identified as intended witness at ECF No. 25 at (3)-(5) by 3:00 P.M. on July 16, 2026. Petitioners shall file any response to Respondents' objection on or before July 16, 2026. Petitioners and Respondents agreed that Petitioners will serve subpoenas on the identified ICE witnesses, which Petitioners shall do promptly upon receiving the requisite information in order to facilitate the evidentiary hearing as scheduled. The Court has approved that any ICE witness testimony will be taken virtually. Counsel and Petitioners are still expected to appear in person for the July 21 hearing. Should Petitioners seek to have Respondents produce the body cam footage of the arrests that is indicated exists in Petitioners' I-213's, they shall file a brief motion on or before July 17, 2026. Respondents shall file any opposition by noon on July 20, 2026. SO ORDERED. Signed by Hon. Meredith A. Vacca on 7/15/26. (NWA) (Entered: 07/15/2026) | |
| 27 | 07/15/2026 | REPLY/RESPONSE to re 26 Text Order,,,,, filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 07/15/2026) | |
| 28 | 07/16/2026 | REPLY/RESPONSE to re 27 Reply/Response, 26 Text Order,,,,, filed by David Franco Loaeza, Victor David Lobo Medina. (Hussain, Maureen) (Entered: 07/16/2026) | |
| 29 | 07/17/2026 | MOTION to Produce Body Cam Footage by David Franco Loaeza, Victor David Lobo Medina.(Hussain, Maureen) (Entered: 07/17/2026) | |
| 30 | 07/20/2026 | MEMORANDUM in Opposition re 29 MOTION to Produce Body Cam Footage filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 07/20/2026) | |
| 31 | 07/21/2026 | Minute Entry for proceedings held before Hon. Meredith A. Vacca: Evidentiary Hearing held on 7/21/2026. Appearances: Malcolm Kim, Esq., Maureen Hussain, Esq., and Maria Perales Sanchez, Law Graduate, with Petitioners, Franco Loaeza and Lobo Medina; Carlos Agurrire, Spanish interpreter for Petitioner Franco Loaeza; Adam Khalil, AUSA, on behalf of Government Respondents. Interpreter sworn. The Court hears testimony from Petitioner Franco Loaeza, Petitioner Lobo Medina, and ICE Deportation Officer Gawel. The Court reserves decision and will issue a written decision at a future date. (Court Reporter Joony Odenbach.) (KSP) (Entered: 07/21/2026) | |
| 32 | 07/24/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden with declarations and as-filed NTA. (Khalil, Adam) (Entered: 07/24/2026) | |
| 33 | 07/24/2026 | MEMORANDUM/BRIEF in response to new declarations by David Franco Loaeza, Victor David Lobo Medina. (Kim, Malcolm) (Entered: 07/24/2026) | |
| 34 | 07/27/2026 | DECISION AND ORDER as to Petitioner Loaeza. Respondents shall release Mr. Loaeza from custody within 24 hours of this Decision and Order and certify compliance therewith on or before July 29, 2026. A subsequent order will address Mr. Medina's claims for relief. Signed by Hon. Meredith A. Vacca on 7/27/26. | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | (NWA) (Entered: 07/27/2026) | |
| 35 | 07/27/2026 | CONTINUATION OF EXHIBITS to 32 Letter signed versions of declarations. (Attachments: # 1 Declaration of DO Gawel (signed))(Khalil, Adam) (Entered: 07/27/2026) | |
| 36 | 07/28/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden re release of Petitioner Loaeza. (Khalil, Adam) (Entered: 07/28/2026) | |
| 37 | 08/13/2026 | TEXT ORDER as to Petitioner Medina. Respondents shall release Mr. Medina from custody within 24 hours of this Text Order pursuant to an order of supervision, see 8 C.F.R. 241.5(a), and certify compliance therewith on or before August 17, 2026.Petitioner Medina filed a joint petition for a writ of habeas corpus on May 8, 2026 -- the day he was arrested by Immigration and Customs Enforcement ("ICE"). Mr. Medina has been living in the United States for approximately three years and had been previously encountered and released by ICE in or around 2023. ECF No. 1-2 at 2. He argued that his detention fell under 8 U.S.C. 1226(a), not 8 U.S.C. 1225(b), and challenged the circumstances of his arrest and the revocation of his prior release. Id. at 12-17. Respondents' initial return, dated May 20, to the Court's Order to Cause conceded that Mr. Medina's case shared a common question of law with the Court's decision in De La Cruz v. Rhoney, No. 25-CV-6699-MAV, 2026 WL 891658 (W.D.N.Y. April 1, 2026) (holding that a petitioner who had been present in the country for a period of years following expiration of his 1182(d) parole was detained pursuant to 8 U.S.C. 1226(a) and was therefore entitled to a bond hearing under existing federal regulations), and that the Court's resolution of the question in De La Cruz controlled the results in the instant case should the Court adhere to its prior reasoning. ECF No. 5. On June 1, Mr. Medina received a bond hearing in immigration court as a matter of course and bond was denied. ECF No. 15. On July 2, Respondents amended their response to argue that the Second Circuit's Barbosa Da Cunha v. Freden, 175 F.4th 61 (2d. Cir. 2026). decision would apply to Mr. Medina's circumstances because he had been previously released on an order of recognizance, not on parole pursuant to 8 U.S.C. 1182(d). ECF No. 11. Approximately two months after the joint petition was filed and notable briefing had already occurred, it was revealed that Mr. Medina was subject to an order of removal at the time of his May 8, 2026 arrest, which had been entered in absentia on October 29, 2025. ECF No. 12 at 3-4; ECF No. 18. Mr. Medina alleged that he had been unaware of his removal hearing because his former immigration attorney failed to inform him of it, among other deficiencies in his representation. See ECF No. 12 at 3-4; ECF No. 23-1 at 3.On July 21, the Court held an evidentiary hearing in this matter, with all parties now in agreement that Mr. Medina's May 8 arrest and attending detention is governed by 8 U.S.C. 1231. Mr. Medina argued that he is entitled to immediate release because he was never detained during the 90-day removal period or issued an order of supervision ("OSUP") thus preventing his "continued" detention after the removal period, his release after entry of the removal order was not terminated in accordance with the requirements of 8 C.F.R. 241.4(l), and he was not arrested pursuant to the applicable, and he argued required, I-205 warrant for arrest. See also ECF No. 33 at 4-5. Mr. Medina clarified that although he was unaware of his removal hearing, causing his absence thereat, he had provided ICE with his current address. Respondents argued that the government cannot be at fault for failing to detain Mr. Medina during the removal period or releasing him on an OSUP | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | because it is not Respondents' obligation to affirmatively locate and serve him with an OSUP when he fails to appear as directed, even if his updated address was supplied. Respondents also argued that any lack of process due to Mr. Medina pursuant to 1231 is alleviated because Mr. Medina was served with an I-200 arrest warrant, applicable to noncitizens whose removal decision remains "pending," after he was detained, and he received a "bonus" bond hearing on June 1.The Court is not persuaded by Respondents' attempt to distinguish Mr. Medina's circumstances from the Court's decision in Bustamante Romero v. Bausch, et al., No. 26-CV-00803-MAV, 2026 WL 1998751 (W.D.N.Y. July 10, 2026) on the grounds that Mr. Medina's removal order was entered in absentia. Such an exception is grounded nowhere in the Immigration and Nationality Act ("INA") or its implementing regulations. For example, 8 U.S.C.  1231(a)(1)(A) provides, "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United within a period of 90 days (in this section referred to as the 'removal period')," and there is no qualification or modification for when the noncitizen is ordered removed in absentia. (Emphasis added.) Section 1231(a)(1)(C) lists circumstances by which the removal period shall be extended, but merely being ordered removed in absentia is not one of them. 8 U.S.C.  1231(a)(1)(C). Section 1231(a)(2)(A) states unequivocally, "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) or this title or deportable under section 1227(a)(2) and 1127(a)(4)(B) of this title." 8 U.S.C.  1231(a)(2)(A) (emphasis added). Relatedly, 8 U.S.C.  1229a(b)(5) prescribes the "[c]onsequences of failure to appear" during removal proceedings, none of which detail or even suggest that, for example, 8 C.F.R.  241.4 will not apply to the noncitizen, or that the removal period is extended at all or indefinitely.Moreover, there is no evidence here of any attempts by the government to locate and detain Mr. Medina after he was ordered removed on October 29, 2025, despite having Mr. Medina's current address. Even Mr. Medina's arrest approximately six months later cannot be said to be the result of an attempt to locate and detain Mr. Medina pursuant to his order of removal. The arrest occurred during a happenstance traffic encounter, it took Respondents another two months to recognize that the person they had in custody was already subject to an order of removal, and, in the meantime, Mr. Medina had a bond hearing before an immigration judge--which is not prescribed under  1231--whereat the actual history of his removal proceedings was not clarified. There is no evidence or allegation that the government's failure to locate, detain, and issue an OSUP to Mr. Medina after October 29, 2025, was due to Mr. Medina's intentional evasion to prevent his removal. See 8 U.S.C.  1231(a)(1)(C). There is no evidence that the government took any steps to do so at all. The Court is also not persuaded by Respondents' argument that some process, taken piecemeal and mistakenly from other, non-applicable statutory and regulatory provisions can moot the process that the law affords Mr. Medina in his present circumstances, particularly as it pertains to notice.The Court finds that its reasoning in Bustamante Romero applies to Mr. Medina's circumstances and that release is warranted. IT IS HEREBY ORDERED that Mr. Medina shall be released from custody within 24 hours of this Text Order pursuant to an order of supervision, see 8 C.F.R.  241.5(a); and it is furtherORDERED that if the | |

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | government decides to execute the removal order against Mr. Medina in the future, he shall receive written notice of the reasons for the revocation of release in a manner that complies with 8 C.F.R. 241.4(l), that is issued by an individual with proper authority; and it is furtherORDERED that upon any such revocation of release, Mr. Medina shall receive an initial informal interview in compliance with 8 C.F.R. 241.4(l) promptly after his return to custody to afford him an opportunity to respond to the reasons for revocation stated in the notification.SO ORDERED. Signed by Hon. Meredith A. Vacca on 8/13/26. (NWA) (Entered: 08/13/2026) | |
| 38 | 08/13/2026 | TEXT ORDER denying as moot 29 Motion to Produce Body Cam Footage in light of the Courts rulings at ECF No. 34 and 37 . The Clerk of Court is directed to enter judgment in favor of Petitioners Loaeza and Medina and close this case. SO ORDERED. Signed by Hon. Meredith A. Vacca on 8/13/26. (NWA)Clerk to Follow up (Entered: 08/13/2026) | |
| 39 | 08/14/2026 | Letter filed by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden re release of Petitioner Medina. (Khalil, Adam) (Entered: 08/14/2026) | |
| 40 | 08/14/2026 | JUDGMENT in favor of David Franco Loaeza, Victor David Lobo Medina against James Bausch, Markwayne Mullin, Todd Blanche, Todd Lyons. Signed by Andrew W. Moeller, Clerk of Court, on 8/14/2026. (DDS) (Entered: 08/14/2026) | |
| | 08/17/2026 | Remark: On August 14, 2026, the Court received a letter directly from Petitioner Medina despite being represented by counsel. The Court has not read Mr. Medina's submission and has forwarded it to his counsel of record. (DDS) (Entered: 08/17/2026) | |
| 41 | 10/13/2026 | NOTICE OF APPEAL as to 40 Judgment, 34 Decision and Order, 37 Text Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by James Bausch, Todd Blanche, Todd Lyons, Markwayne Mullin, Philip Rhoney, Warden. (Khalil, Adam) (Entered: 10/13/2026) | Events since last full update |
| | 10/14/2026 | Remark: Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov. (DDS) (Entered: 10/14/2026) | Events since last full update |

## Judgments

| Date | In Favor Of | Against | Amount | Interest | Court Cost | Status | Status Date |
|---|---|---|---|---|---|---|---|
| 08/14/2026 | David Franco Loaeza | James Bausch | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | David Franco Loaeza | Todd Blanche | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | David Franco Loaeza | Todd Lyons | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | David Franco Loaeza | Markwayne Mullin | $ 0.00 | 0.00% | $ 0.00 | No Payme | 08/14/2026 |

RESTRICTED Case: 26-2905, 10/27/2026, DktEntry: 11.1, (16 of 26)


| Date | In Favor Of | Against | Amount | Interest | Court Cost | Status | Status Date |
|---|---|---|---|---|---|---|---|
| | | | | | | nt | |
| 08/14/2026 | Victor David Lobo Medina | James Bausch | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | Victor David Lobo Medina | Todd Blanche | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | Victor David Lobo Medina | Todd Lyons | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |
| 08/14/2026 | Victor David Lobo Medina | Markwayne Mullin | $ 0.00 | 0.00% | $ 0.00 | No Payment | 08/14/2026 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

---

**End of Document**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID FRANCO LOAEZA and
VICTOR DAVID LOBO MEDINA,

Petitioners,

v.

JAMES BAUSCH, *Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, in their official capacity, et al.*,

Respondents.

---

**DECISION AND ORDER**

26-CV-00945-MAV

This Decision and Order pertains to Petitioner David Franco Loaeza and orders his immediate release from custody. A subsequent order will issue pertaining to Petitioner Victor David Lobo Medina.

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus [under 28 U.S.C. § 2241] when a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Kapoor v. DeMarco*, 132 F.4th 595, 606 (2d Cir.) (quoting 28 U.S.C. § 2241(c)(3)), *cert. denied*, 146 S. Ct. 325 (2025). In habeas proceedings under § 2241, "the petitioner . . . bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

## DISCUSSION

Petitioner Loaeza was arrested and detained on May 8, 2026, and the parties do not dispute that 8 U.S.C. § 1226(a) applies to his arrest and detention. Section 1226(a) authorizes the government to exercise discretion to arrest and detain a noncitizen pending a decision on whether the alien is to be removed from the United States. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [P]ending such decision," the Attorney General may continue to detain, release on bond, or on conditional parole). Thus, as a matter of pure statutory law, Respondents only have the authority to arrest and detain a noncitizen under § 1226(a) if removal proceedings against the noncitizen are "pending."

The Notice to Appear ("NTA") "is the immigration version of a 'charging instrument'" and "begins the removal process." *Yeleshev v. Larocco*, No. 26-CV-2294-SJB, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026) (quotation omitted). The standard Form I-862 given to Mr. Loaeza in this case states, "This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings." ECF No. 17 at 9.

In other words, without a valid NTA in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a). Section 1226(a)'s implementing regulations echo this limitation in Respondents' authority. 8 C.F.R. § 1236.1(b)(1) states in pertinent part,

"[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."); *see, e.g., Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) ("[A]t that time or after its issuance, the Government can then effectuate [an] arrest, and, if necessary, detention, until removal proceedings are completed." (citing *Niz Chavez v. Garland*, 593 U.S. 155, 157–58 (2021)).

The record here as established by the parties' papers, evidence received during the July 15, 2026 evidentiary hearing, and evidence supplemented thereafter upon the Court's request, demonstrates the following. Mr. Loaeza and Mr. Medina were arrested at a traffic stop on May 8 and were not served any paperwork at the time of their arrest. Mr. Loaeza's Form I-200 arrest warrant is dated May 8, 2026, and was generated at 12:59 P.M. that day. ECF No. 17 at 6; ECF No. 32 at 3. The identified grounds for the arrest was based upon "the execution of a charging document to initiate removal proceedings against" him. ECF No. 17 at 6. Mr. Loaeza's Form I-862 NTA was generated at 3:48 P.M. on May 8, 2026, and was not filed with the EOIR until May 15, 2026.[1] *Id.* at 7; ECF No. 32 at 5-6. According to the NTA itself, Respondents served Mr. Loaeza in the Buffalo Federal Detention Facility with the NTA on May 13, 2026. ECF No. 17 at 9. However, a supplemental, unsigned declaration from an ICE officer attests that Mr. Loaeza was served with his NTA at

[1] As noted *supra* at 2, the Form I-862 NTA itself states, "[t]his notice, *when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR)*, initiates removal proceedings." ECF No. 17 at 9 (emphasis added).

12:59 P.M. on May 8, 2026. ECF No. 32 at 3. Mr. Loaeza's Form I-286 Notice of Custody Determination, indicating Mr. Loaeza was being detained "pursuant to the authority contained in section 236 of the Immigration and Nationality Act," was generated at 3:48 P.M. on May 8, 2026. ECF No. 17 at 10.

In sum, the NTA's generation (occurring hours after Mr. Loaeza's arrest), service on Mr. Loaeza (occurring five days after his arrest per the signed certificate of service thereon), and the NTA's filing with the EOIR (occurring more than a week after Mr. Loaeza's arrest) all occurred *after* Mr. Loaeza was arrested. Under these circumstances, it is clear that when Mr. Loaeza was arrested, there were no removal proceedings pending against him. Further, the Court notes that when the arrest warrant was generated at 12:59 P.M. on May 8, there had been no "execution of a charging document to initiate removal proceedings against" Mr. Loaeza despite what was marked on the Form I-200 at that time as the sole basis for arresting him.

Because removal proceedings were not pending against Mr. Loaeza when he was arrested on May 8 under the purported authority of § 1226(a), Respondents had no statutory authority to make the arrest or to detain him under that provision. Mr. Loaeza must be released from custody. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(b)(1); *see also, e.g., Yeleshev*, 2026 WL 1353806, at *8 (ordering immediate release, holding "there are two independent bases to grant the writ—the failure to initiate removal proceedings before or at the time of effectuating Yeleshev's arrest, and the use of an I-200 arrest warrant that was legally invalid."); *Meza v. Francis*, No. 26-CV-02722 (NCM), 2026 WL 1734903, at *2 (E.D.N.Y. June 16, 2026) (ordering immediate

release because the "government did not dispute that the Form I-200 was issued before any NTA was issued," "there is no leeway; if ICE wants to use a warrant, it must have a valid NTA in place," and "just as a bond hearing before an immigration judge . . . assumes that a valid custody determination was made in the first instance, it also assumes a valid arrest was made in the first instance").

In light of this ruling, the Court need not address Mr. Loaeza's other claims for habeas relief.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, ECF No. 1, is GRANTED with respect to Mr. Loaeza (and RESERVED with respect to Mr. Medina); and it is further

ORDERED that Respondents RELEASE Mr. Loaeza from custody within 24 hours of this Decision and Order; and it is further

ORDERED that Respondents shall file a letter by Wednesday July 29, 2026, confirming compliance with this Decision and Order.

SO ORDERED.

Dated: July 27, 2026
Rochester, New York

Meredith Vacca
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

ECF No. 37

TEXT ORDER as to Petitioner Medina. Respondents shall release Mr. Medina from custody within 24 hours of this Text Order pursuant to an order of supervision, see 8 C.F.R. 241.5(a), and certify compliance therewith on or before August 17, 2026. Petitioner Medina filed a joint petition for a writ of habeas corpus on May 8, 2026 -- the day he was arrested by Immigration and Customs Enforcement ("ICE"). Mr. Medina has been living in the United States for approximately three years and had been previously encountered and released by ICE in or around 2023. ECF No. 1-2 at 2. He argued that his detention fell under 8 U.S.C. 1226(a), not 8 U.S.C. 1225(b), and challenged the circumstances of his arrest and the revocation of his prior release. Id. at 12-17. Respondents' initial return, dated May 20, to the Court's Order to Cause conceded that Mr. Medina's case shared a common question of law with the Court's decision in De La Cruz v. Rhoney, No. 25-CV-6699-MAV, 2026 WL 891658 (W.D.N.Y. April 1, 2026) (holding that a petitioner who had been present in the country for a period of years following expiration of his 1182(d) parole was detained pursuant to 8 U.S.C. 1226(a) and was therefore entitled to a bond hearing under existing federal regulations), and that the Court's resolution of the question in De La Cruz controlled the results in the instant case should the Court adhere to its prior reasoning. ECF No. 5. On June 1, Mr. Medina received a bond hearing in immigration court as a matter of course and bond was denied. ECF No. 15. On July 2, Respondents amended their response to argue that the Second Circuit's Barbosa Da Cunha v. Freden, 175 F.4th 61 (2d. Cir. 2026). decision would apply to Mr. Medina's circumstances because he had been previously released on an order of recognizance, not on parole pursuant to 8 U.S.C. 1182(d). ECF No. 11. Approximately two months after the joint petition was filed and notable briefing had already occurred, it was revealed that Mr. Medina was subject to an order of removal at the time of his May 8, 2026 arrest, which had been entered in absentia on October 29, 2025. ECF No. 12 at 3-4; ECF No. 18. Mr. Medina alleged that he had been unaware of his removal hearing because his former immigration attorney failed to inform him of it, among other deficiencies in his representation. See ECF No. 12 at 3-4; ECF No. 23-1 at 3.On July 21, the Court held an evidentiary hearing in this matter, with all parties now in agreement that Mr. Medina's May 8 arrest and attending detention is governed by 8 U.S.C. 1231. Mr. Medina argued that he is entitled to immediate release because he was never detained during the 90-day removal period or issued an order of supervision ("OSUP") thus preventing his "continued" detention after the removal period, his release after entry of the removal order was not terminated

in accordance with the requirements of 8 C.F.R. 241.4(l), and he was not arrested pursuant to the applicable, and he argued required, I-205 warrant for arrest. See also ECF No. 33 at 4-5. Mr. Medina clarified that although he was unaware of his removal hearing, causing his absence thereat, he had provided ICE with his current address. Respondents argued that the government cannot be at fault for failing to detain Mr. Medina during the removal period or releasing him on an OSUP because it is not Respondents' obligation to affirmatively locate and serve him with an OSUP when he fails to appear as directed, even if his updated address was supplied. Respondents also argued that any lack of process due to Mr. Medina pursuant to 1231 is alleviated because Mr. Medina was served with an I-200 arrest warrant, applicable to noncitizens whose removal decision remains "pending," after he was detained, and he received a "bonus" bond hearing on June 1. The Court is not persuaded by Respondents' attempt to distinguish Mr. Medina's circumstances from the Court's decision in Bustamante Romero v. Bausch, et al., No. 26-CV-00803-MAV, 2026 WL 1998751 (W.D.N.Y. July 10, 2026) on the grounds that Mr. Medina's removal order was entered in absentia. Such an exception is grounded nowhere in the Immigration and Nationality Act ("INA") or its implementing regulations. For example, 8 U.S.C. 1231(a)(1)(A) provides, "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United within a period of 90 days (in this section referred to as the 'removal period')," and there is no qualification or modification for when the noncitizen is ordered removed in absentia. (Emphasis added.) Section 1231(a)(1)(C) lists circumstances by which the removal period shall be extended, but merely being ordered removed in absentia is not one of them. 8 U.S.C. 1231(a)(1)(C). Section 1231(a)(2)(A) states unequivocally, "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) or this title or deportable under section 1227(a)(2) and 1127(a)(4)(B) of this title." 8 U.S.C. 1231(a)(2)(A) (emphasis added). Relatedly, 8 U.S.C. 1229a(b)(5) prescribes the "[c]onsequences of failure to appear" during removal proceedings, none of which detail or even suggest that, for example, 8 C.F.R. 241.4 will not apply to the noncitizen, or that the removal period is extended at all or indefinitely. Moreover, there is no evidence here of any attempts by the government to locate and detain Mr. Medina after he was ordered removed on October 29, 2025, despite having Mr. Medina's current address. Even Mr. Medina's arrest approximately six months later cannot be said to be the result of an attempt to locate and detain Mr. Medina pursuant to his order of removal. The arrest

occurred during a happenstance traffic encounter, it took Respondents another two months to recognize that the person they had in custody was already subject to an order of removal, and, in the meantime, Mr. Medina had a bond hearing before an immigration judge--which is not prescribed under 1231--whereat the actual history of his removal proceedings was not clarified. There is no evidence or allegation that the government's failure to locate, detain, and issue an OSUP to Mr. Medina after October 29, 2025, was due to Mr. Medina's intentional evasion to prevent his removal. See 8 U.S.C. 1231(a)(1)(C). There is no evidence that the government took any steps to do so at all. The Court is also not persuaded by Respondents' argument that some process, taken piecemeal and mistakenly from other, non-applicable statutory and regulatory provisions can moot the process that the law affords Mr. Medina in his present circumstances, particularly as it pertains to notice. The Court finds that its reasoning in Bustamante Romero applies to Mr. Medina's circumstances and that release is warranted.

IT IS HEREBY ORDERED that Mr. Medina shall be released from custody within 24 hours of this Text Order pursuant to an order of supervision, see 8 C.F.R. 241.5(a); and it is further

ORDERED that if the government decides to execute the removal order against Mr. Medina in the future, he shall receive written notice of the reasons for the revocation of release in a manner that complies with 8 C.F.R. 241.4(l), that is issued by an individual with proper authority; and it is further

ORDERED that upon any such revocation of release, Mr. Medina shall receive an initial informal interview in compliance with 8 C.F.R. 241.4(l) promptly after his return to custody to afford him an opportunity to respond to the reasons for revocation stated in the notification.

SO ORDERED. Signed by Hon. Meredith A. Vacca on 8/13/26. (NWA) (Entered: 08/13/2026)

Judgment in a Civil Case

United States District Court
WESTERN DISTRICT OF NEW YORK

DAVID FRANCO LOAEZA
VICTOR DAVID LOBO MEDINA

v.

JAMES BAUSCH, ET AL

**JUDGMENT IN A CIVIL CASE**
CASE NUMBER: 26-cv-945

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that this case has been closed in favor of the Petitioners.

Date: August 14, 2026

ANDREW W. MOELLER
CLERK OF COURT

By: s / Donna
Deputy Clerk

**Loeza et al v. Ball et al**
26-2905

**<u>Addendum B</u>**

## (1) ISSUES PROPOSED TO BE RAISED ON APPEAL

- Whether discovery is proper in an action for habeas corpus.
- Whether an alien never released from detention under 8 U.S.C. § 1231 or pursuant to 8 C.F.R. § 241.4 is still entitled to the protections of § 241.4 upon re-arrest.
- Whether ICE is required to locate an alien ordered removed in absentia and serve them with an order of supervision.
- Whether an alien ordered removed in absentia is subject to 8 C.F.R. § 241.4(l) upon re-arrest.
- Whether immediate release—as opposed to performance of any regulatorily-required actions—is the proper remedy for an arrest that occurs in violation of a regulation.
- Whether an alien present in the United States unlawfully may only be arrested after a Notice to Appear is issued.
- Whether an alien present in the United States unlawfully may only be arrested after a Notice to Appear is filed with the immigration court.
- Whether an alien present in the United States unlawfully may only be arrested if removal proceedings are pending at the time of arrest.
- Whether an alien re-arrested without notice of revocation or an informal interview under 8 C.F.R. § 241.4(l) can show prejudice where said alien was granted a bond hearing.

## (2) APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PRPOSED ISSUE

The applicable standard of review for all of these issues is de novo review. *See Kapoor v. DeMarco*, 132 F.4th 595, 606 (2d Cir.), cert. denied, 146 S. Ct. 325 (2025); *Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024).